(1 App. Div. 594.)

PEOPLE ex rel. LEE v. WARING. Commissioner.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

MUNICIPAL CORPORATIONS—DISMISSAL OF EMPLOYES—CIVIL SERVICE LAWS.

    Laws 1892, c. 269, amending the consolidation act by adding thereto section 704b (which authorizes the commissioner of street cleaning to dismiss a member of the uniformed force on satisfactory evidence of certain offenses), is a special act, nd is not restricted by Laws 1888, c. 119, § 1 (which provides that no person holding a position in a city in this state, who is an honorably discharged Union soldier, shall be removed, except for cause shown, after a hearing), nor by its amendments, including soldiers of the Mexican war and past members of the volunteer fire department, though the last amendment was enacted after said chapter 269 became a law.

Certiorari by Albert M. Lee to review the action of the commissioner of the department of street cleaning, dismissing relator

from his position as assistant foreman of the department.  Dismissed.

The relator was appointed June 6, 1889, and continued to hold the position until June 3, 1895, when he was dismissed.  He was an honorably discharged soldier who had served in the Union army during the war of the Rebellion. He was not appointed for a definite term, and his dismissal was not for cause shown after hearing had.  The respondent claimed the right to dismiss the relator under chapter 269, Laws 1892, commonly known as the "New York Street-Cleaning Act," amendatory of the consolidation act, without complying with the "Veteran Act," so called, being chapter 119, Laws 1888, as amended by chapter 577, Laws 1892.  If the latter act protected the relator from dismissal, except as therein provided, then he was improperly removed, because, concededly, the provisions of that act were not complied with.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles Blandy, for relator.

James M. Ward, for respondent.

WILLIAMS, J.    By the "Consolidation Act," so called (chapter 410, Laws 1882), the department of street cleaning was recognized as one of the departments of the city.    By section 705 of that act, the commissioner of street cleaning, as head of a department, had power to appoint and remove, at his pleasure, all clerks, laborers, and other employés in his department.    No restriction was placed by the legislature upon the power to remove or dismiss honorably discharged soldiers, until the passage of chapter 119 of the Laws of 1888, which provided:

"Section 1. No person holding a position or appointment in any city or county in this state, receiving a salary from such city or county (unless he has been appointed for a definite term), who is an honorably discharged soldier, sailor, or marine having served as such in the Union army or navy, during the war of the Rebellion, shall be removed from such position except for cause shown after a hearing had," etc.

This act was amended by chapter 67, Laws 1890, so as to cover those who had served in the Mexican war, and was again amended by the chapter in question (577, Laws 1892), so as to cover those who had served in the volunteer fire department, and so as to exclude those who had served in the Confederate army or navy. In other respects, the law has been the same from the time the original act was passed in 1888.    It will be seen, therefore, that when the street-cleaning act of 1892 (chapter 269) was passed, there was on the statute books the act of 1882 (chapter 410), creating the department of street cleaning, which contained a provision conferring on the head of the department the power of appointment and removal at pleasure, and the so-called "Veteran Act" (chapter 119, Laws 1888), as amended in 1890 (chapter 67). This street-cleaning act was a special act reorganizing the department.    It related to a particular subject, and gave to the head of the department special power to enable him adequately to effect the purpose for which the act was passed.    It was necessary to give the commissioners substantially full power of removal in the case of common laborers.    The force was divided into two dis-

tinct classes, the clerical force and the uniformed force; and the relator belonged to the uniformed force.   By this act it was provided (section 704b):

"The commissioner of street cleaning shall have power, in his discretion, on evidence satisfactory to him that a member of the uniformed force has been guilty of any legal or criminal offense, or negligence of duty, violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, or conduct injurious to the public peace or welfare, or immoral conduct or any breach of discipline to punish the offending party by forfeiting or withholding pay for a specified time, suspension, without pay during such suspension, for a period not exceeding thirty days, or by dismissal from the force, but no more than thirty days pay or salary shall be forfeited or deducted for any offense."

This act was intended to provide for a particular work in respect to which the legislative regulations were particular and precise.   The veteran act was general, providing for dismissal only, and not for a scheme of discipline and punishment to secure effective service by the employés.   The intention of the legislature in enacting chapter 269, Laws 1892, must have been to take the uniformed force out of the provisions of the veteran act as it then existed.   The power of dismissal provided in the act (chapter 269, Laws 1892) was not intended to be hampered or qualified by the veteran act then existing.   The scheme of the reorganization and discipline and control of the uniformed force could not be carried out effectually unless the power given by section 704b was left in full force, and uncontrolled or limited by the veteran act.   If such was the intention of the legislature when it passed chapter 269, Laws 1892, certainly no change of intention could be inferred or deduced from the amendment of the act (chapter 577, Laws 1892).   This amendment took effect only a few days less than a month after chapter 269, Laws 1892. But, more than this, it is a familiar rule of construction that, when a general act of the legislature conflicts with a special act, the special act is not deemed to be repealed by implication. Brown v. Duane, 60 Hun, 102, 14 N. Y. Supp. 450;  People v. Lathrop, 142 N. Y. 113, 36 N. E. 805.

We are of the opinion that the relator was not protected from dismissal by the "Veteran Act," so called, but that the respondent had power, under the street-cleaning act, in his discretion, and on evidence, satisfactory to himself, of neglect of duty, disobedience of orders, etc., which he alleged, to punish relator by his dismissal from the force, which he did do.   No particular species of evidence is required under the act.   It is only required to be satisfactory to the head of the department.   The respondent returns that the deputy commissioner recommended, in writing, that the relator be dismissed, on certain charges and specifications, and that he believed the charges and specifications were true, from the information he received.   This was sufficient, within the provisions of the act.

Our conclusion is that the respondent had power to dismiss the relator, and that the writ should be dismissed, with costs.   All concur.