(7 App. Div. 247)

## PEOPLE ex rel. CORSA v. WARING, Commissioner.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

MUNICIPAL CORPORATIONS—DISMISSAL OF EMPLOYE—VETERAN ACT.
　　Employés in the street-cleaning department of New York City are not entitled to the protection of the veteran act (Laws 1892, c. 577) but may be discharged by the commissioner at any time. People v. Waring (Sup.) 37 N. Y. Supp. 478, followed.

Appeal from special term, New York county.

Application by Henry C. Corsa for a writ of mandamus to compel George E. Waring, Jr., commissioner of street cleaning of the city of New York, to reinstate relator in the position of district superintendent in said department. From an order granting a peremptory writ, defendant appeals. Reversed.

The relator, having been removed from his position by defendant, was reinstated August 22, 1895, and directed to report for duty on the next day to the

superintendent of street cleaning. August 29, 1895, the superintendent reported to defendant that the relator had been absent from duty without leave since August 23, 1895. Thereupon the defendant on the same day, for this reason, dismissed relator from the service. The relator was an honorably discharged soldier who had served in the Union army during the war of the Rebellion. Upon motion the court made an order directing the issue of the peremptory mandamus. From that order this appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis M. Scott and James M. Ward, for appellant.
Charles Blandy and Louis C. Freeman, for respondent.

WILLIAMS, J. The order appealed from must be reversed. People v. Waring, 1 App. Div. Rep. 594, 37 N. Y. Supp. 478, decided by this court, affirmed by court of appeals, 44 N. E. ——, is conclusive upon all the questions involved in the present case. We held in that case that the relator was not entitled to the protection of the veteran act, in reliance upon which the court made the order here appealed from, but the power to dismiss was given by the street-cleaning act. We also held in that case that no particular species of evidence was required under the street-cleaning act to enable the commissioner to dismiss the relator. It was only required to be satisfactory to the head of the department. In that case the deputy commissioner recommended in writing that the relator be dismissed on charges and specifications, and the commissioner believed the charges to be true upon information he received, and this we held was sufficient. Here the superintendent reported the relator had been absent from duty for five days without leave, and it was true. There was dispute as to whether he was absent by some arrangement between the commissioner and relator's attorney, but we do not think the court could determine whether the evidence on which the commissioner acted in dismissing relator was satisfactory to him. And, moreover, the decision of the court was not put on such ground, but on the ground that the relator was protected under the veteran act, which was untenable.

The order appealed from should be reversed, and the writ dismissed, with costs. All concur.