### PEOPLE ex rel. THROCKMORTON v. McCARTNEY.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. MUNICIPAL CORPORATIONS—VETERAN ACT—STREET-CLEANING FORCE.

The veteran act (Laws 1888, c. 119), protecting the official tenure of honorably discharged soldiers, in certain branches of the civil service, does not relate to the street-cleaning department of New York City.

2. MANDAMUS—REINSTATEMENT OF PUBLIC OFFICER.

Where one who is irregularly and unlawfully dismissed from a position in the civil service sleeps upon his rights for any considerable length of time, his neglect will defeat a mandamus proceeding to secure his reinstatement.

Appeal from special term.

Action by the people of New York, on the relation of Charles B. Throckmorton, against James McCartney, commissioner of street cleaning, and others.    From an order denying a motion for a writ of mandamus, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Thos. C. T. Crain, for appellant.

Theodore Connoly, for respondent.

PATTERSON, J.    Prior to the 2d of February, 1895, the relator occupied the position of assistant superintendent in the department of street cleaning in the city of New York.    On that day he was dismissed from service by the then commissioner.    Three years afterwards he applied to the supreme court for a mandamus to compel his reinstatement by the present commissioner in the position from which he was removed; his application being based upon the principal ground that he, being a veteran Union soldier of the War of the Rebellion, was unlawfully discharged, without having been accorded a hearing, and without any charges ever having been made against him.

The relator's application was denied by the court below, and from the order entered upon that denial he now appeals.

It appeared that the relator is, and was at the time of his discharge by the street-cleaning commissioner, a retired officer in the army of the United States. It is unnecessary to consider now whether a person occupying such a position comes within the protection of section 1, c. 119, of the Laws of 1888, relating to veteran soldiers. He was in the service of the street-cleaning department of the city of New York. The provisions of the veteran act did not relate to that department of the government of the city of New York. It was so held in the case of People v. Waring, 1 App. Div. 594, 37 N. Y. Supp. 478, and our decision in that case was affirmed by the court of appeals. 149 N. Y. 621, 44 N. E. 1127. The relator therefore cannot avail himself of the provisions of the statute under which he claims that his dismissal was irregular and unlawful. There is another reason why the relator was not entitled to the writ he applied for, and that is his gross and inexcusable negligence. He allowed three years to pass without making any application to the court for relief. We have heretofore decided that much less neglect will alone defeat a proceeding of this character, and we have refused to consider the merits of applications of this kind where a petitioner has slept upon his supposed rights for any considerable time. The reason and the authority for so holding were stated in the case of People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698, and need not be repeated here.

The order appealed from must be affirmed, with costs. All concur.