THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES B. THROCKMORTON, Appellant, *v.* JAMES McCARTNEY, as Commissioner of Street Cleaning of the City of New York, and THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

*Veteran Act of 1888 — it does not apply to the street cleaning department of the city of New York — laches in applying for a mandamus.*

The provisions of the Veteran Act (Laws of 1888, chap. 119, § 1) forbidding the removal of a veteran from his position, except upon charges and after a hearing, do not apply to the street cleaning department of the city of New York.

A delay of three years upon the part of a veteran, in applying for a mandamus to compel his restoration to the position from which he has been removed, constitutes such *laches* as precludes the granting of the application.

APPEAL by the relator, Charles B. Throckmorton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1898, denying the relator's motion for a writ of mandamus directing the defendants forthwith to restore the relator to active duty in the position of assistant superintendent in the street cleaning department in the city of New York.

*Thos. C. T. Crain*, for the petitioner.

*Theodore Connoly*, for the respondents.

PATTERSON, J.:

Prior to the 2d of February, 1895, the relator occupied the position of assistant superintendent in the department of street cleaning in the city of New York. On that day he was dismissed from service by the then commissioner. Three years afterwards he applied to the Supreme Court for a mandamus to compel his reinstatement by the present commissioner in the position from which he was removed, his application being based upon the principal ground that he, being a veteran Union soldier of the war of the rebellion, was unlawfully discharged without having been accorded a hearing, and without any charges ever having been made against

him.　The relator's application was denied by the court below, and from the order entered upon that denial he now appeals.

It appeared that the relator is, and was at the time of his discharge by the street cleaning commissioner, a retired officer in the army of the United States.　It is unnecessary to consider now whether a person occupying such a position comes within the protection of section 1 of chapter 119 of the Laws of 1888, relating to veteran soldiers.　He was in the service of the street cleaning department of the city of New York.　The provisions of the Veteran Act did not relate to that department of the government of the city of New York.　It was so held in the case of *The People ex rel. Lee* v. *Waring* (1 App. Div. 594), and our decision in that case was affirmed by the Court of Appeals (149 N. Y. 621).　The relator, therefore, cannot avail himself of the provisions of the statute under which he claims that his dismissal was irregular and unlawful.　There is another reason why the relator was not entitled to the writ he applied for, and that is his gross and inexcusable negligence.　He allowed three years to pass without making any application to the court for relief.　We have heretofore decided that much less neglect will alone defeat a proceeding of this character, and we have refused to consider the merits of applications of this kind, where a petitioner has slept upon his supposed rights for any considerable time.　The reason and the authority for so holding were stated in the case of *The People ex rel. Young* v. *Collis* (6 App. Div. 467), and need not be repeated here.

The order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.