(36 App. Div. 39.)

### PEOPLE ex rel. MIDDLETON v. McCARTNEY.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

MUNICIPAL CORPORATIONS—DISMISSAL OF EMPLOYE—CIVIL SERVICE LAW.

> Laws 1896, c. 821, amending the veterans' act of 1884 and 1888, and providing that "in every public department and upon all public works of the state of New York and of the cities * * * thereof," no honorably discharged soldier shall be removed from employment without a hearing, does not apply to the uniformed street-cleaning force, as the charter of New York City, § 537, continued in force Laws 1892, c. 269, authorizing the commissioner of street cleaning to dismiss a member of the uniformed force on satisfactory evidence of certain offenses.

Writ of certiorari, on the relation of Orlando F. Middleton, to review the action of James McCartney, commissioner of street cleaning, in removing relator from the position of section foreman. Writ dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

William C. Reddy, for relator.

Theodore Connoly, for respondent.

INGRAHAM, J. In the case of People ex rel. Lee v. Waring, 1 App. Div. 594, 37 N. Y. Supp. 478, we held that under section 705 of the consolidation act (chapter 410 of the Laws of 1882, and chapter 269 of the Laws of 1892), reorganizing the department of street cleaning of the city of New York, the head of that department had the power

of removal of the members of the uniformed force of the department, and that chapter 119 of the Laws of 1888, as amended by chapter 76 of the Laws of 1890, and chapter 577 of the Laws of 1892, did not apply to members of the uniformed force of the department; that, as the act of 1892 reorganizing the department of street cleaning in the city of New York was a special act relating to a particular subject, the general act in relation to veterans did not apply. That decision was affirmed by the court of appeals, on the opinion of this court. 149 N. Y. 621, 44 N. E. 1127. Since the decision in that case, section 537 of the charter of the city of New York which took effect on January 1, 1898, continued the special provision in the street-cleaning act (chapter 269 of the Laws of 1892); and the act as thus continued is not to be construed as a new enactment, but as a continuance of the old street-cleaning act, so that that act is to be considered as continued in force, and the power given to the commissioner is the same as was given under the act of 1892. Charter, § 1608. Since that decision the act of 1884 in respect to veterans, soldiers, and sailors has been further amended by chapter 821 of the Laws of 1896. But this act being an amendment of an act which did not apply to the street-cleaning department of the city of New York, and not expressly referring to the special statute in relation to such department, it cannot be construed as modifying or repealing the provisions of the street-cleaning act continued in force by section 537 of the charter. The re-enactment of this street-cleaning act of 1892 in the charter, and the amendment of the law of 1894 in respect to veterans, do not change the situation as it existed in 1895, when the question was raised which was determined in the Lee Case, supra; and upon the authority of that case we think the respondent had the right to remove the relator, on evidence satisfactory to him that the relator had been guilty of a neglect of duty. The return shows that the relator was reported to the commissioner by the general superintendent of street cleaning as guilty of neglect of duty in regard to cleaning certain streets within his district; and upon that report, and the evidence before him, the commissioner of street cleaning was satisfied that the relator had been guilty of a neglect of duty and disobedience of orders.

We think the commissioner had the power to remove the relator, under the circumstances, and the writ must be dismissed, with costs. All concur.