In the Matter of JAMES F. O'KELLY, Appellant, against JOHN W. HILL, as Presiding Justice of the Domestic Relations Court of the City of New York, Respondent.

Argued April 22, 1940; decided May 28, 1940.

*Peter L. F. Sabbatino* and *Edward J. Fontana* for appellant. The petitioner, a World war veteran, was entitled, under subdivision 1 of section 22 of the Civil Service Law (Cons. Laws, ch. 7) to a hearing and, therefore, to a review of the evidence. (*Matter of Tiffany,* 179 N. Y. 455; *Matter of Cram,* 69 N. Y. 452; *Matter of Seeley* v. *Stevens,* 190 N. Y. 158; *Matter of Stutzbach* v. *Coler,* 168 N. Y. 416; *People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *People* v. *Keeler,* 17 N. Y. 370; *People* v. *Dwyer,* 215 N. Y. 46; Statutes and Statutory Construction, § 176, p. 245; *People ex rel. Shipston* v. *Thompson,* 187 N. Y. Supp. 395; 196 App. Div. 923; 231 N. Y. 541; *People ex rel. Ritzenthaler* v. *Higgins,* 151 N. Y. 570; *People ex rel. Mc Keon* v. *Ludwig,* 215 N. Y. 389; *People ex rel. Thain* v. *Constable,* 65 App. Div. 176.)

*Samuel M. Birnbaum* and *Simon L. Miller* for American Legion, Department of New York, *amicus curiæ.* Veterans are entitled to the protection of subdivision 1 of section 22 of the Civil Service Law despite the provisions of section 17 of the Domestic Relations Court Act (L. 1933, ch. 482), and the court below should have reviewed the entire dismissal. (*People ex rel. Ritzenthaler* v. *Higgins,* 151 N. Y. 570; *Davis* v. *Supreme Lodge,* 165 N. Y. 159; *People ex rel. Thain* v. *Constable,* 65 App. Div. 176; *People ex rel. McKeon* v. *Ludwig,* 215 N. Y. 389; *People ex rel. Reilly* v. *Hoffman,* 98 App. Div. 4; *People ex rel. Garrity* v. *Walsh,* 181 App. Div. 118; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552; *Matter of Murray* v. *Blanshard,* 265 N. Y. 554.)

*Roy M. Page* for Department of New York, Veterans of Foreign Wars of the United States, *amicus curiæ.*

*William C. Chanler,* Corporation Counsel (*Jeremiah M. Evarts, Paxton Blair* and *Henry J. Shields* of counsel), for respondent. The provisions of the Domestic Relations Court Act govern disciplinary proceedings brought against the court's employees, including such as are veterans. (*People ex rel. Lee* v. *Waring,* 1 App. Div. 594; 149 N. Y. 621; *People ex rel. Throckmorton* v. *McCartney,* 28 App. Div. 138; *People ex rel. Middleton* v. *McCartney,* 36 App. Div. 39; *People ex rel. McNeile* v. *Glynn,* 128 App. Div. 257.) Even if the Civil Service Law be deemed the governing statute, the more stringent requirements which it lays down were fully met. (*People ex rel. Doherty* v. *Board of Police Commissioners,* 84 Hun, 64; 148 N. Y. 757.)

FINCH, J. Petitioner, a probation officer of the Domestic Relations Court of the City of New York, was removed after a hearing upon charges, including bribery and rendering false reports. This proceeding was brought pursuant to article 78 of the Civil Practice Act to review the determination of respondent. In accordance with the Civil Practice Act the case was removed to the Appellate Division in the first instance. (§ 1296.) That court confirmed the deter-

mination of respondent and in its opinion stated that petitioner-appellant was accorded all the rights which he had under sections 16 and 17 of the Domestic Relations Court Act (L. 1933, ch. 482).

Petitioner-appellant, an honorably-discharged veteran, contends that he is entitled to the benefit of the provisions of section 22 of the Civil Service Law (Cons. Laws, ch. 7) and that, therefore, he is entitled to review by certiorari.

The Civil Service Law, section 22, provides; " No person holding a position by appointment or employment in the state of New York, or in the several cities, counties, towns or villages thereof, or in the public school service, who is an honorably discharged soldier * * * having served * * * in the world war, or who is an exempt volunteer fireman * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari."

The Domestic Relations Court Act (§ 17) provides:

" The presiding justice may remove for cause, upon written charges, any officer or employee of the court in the competitive class of the civil service after due notice of such charges and an opportunity of making an explanation.

" The board of justices may remove for cause upon written charges duly sustained after a proper hearing, any officer or employee of the court in the exempt class of the civil service after due notice of such charges.

" In every case of a removal the true cause thereof shall forthwith be entered upon the records of the court and a copy filed with the municipal civil service commission. The presiding justice shall also have power to fine and to suspend from duty, either with or without pay, any employee or officer of the court for a period not to exceed thirty days, and to take such other disciplinary measures as may be appropriate."

By virtue of the provisions of the Domestic Relations Court Act an opportunity of making an explanation is granted to employees who are faced with dismissal. Sec-

tion 22 of the Civil Service Law accords to veterans generally, without specific reference to where they may be employed, the right to a hearing and thereafter review by certiorari. No question is raised that petitioner has been granted a full hearing in the first instance. It is only because of the failure of the Appellate Division to pass upon the facts that petitioner-appellant now complains.

A reading of the two statutes does not reveal any irreconcilable conflict. The Domestic Relations Court Act provides certain safeguards in the removal of employees of that court. The provisions of the Civil Service Law, section 22, provide that as to a particular class of employees, viz., honorably-discharged veterans, there shall be, in addition to the safeguards available to employees generally, the protection of review by certiorari. Thus there is no question here as to which of two conflicting statutes governs the case of petitioner-appellant. On the contrary, the two statutes in question are consistent with one another, and the application of section 22 of the Civil Service Law is not in derogation of the provisions of section 17 of the Domestic Relations Court Act. (*Matter of Eisle* v. *Woodin*, 205 App. Div. 452; affd., 238 N. Y. 551. Cf. *Matter of Byrnes* v. *Windels*, 265 N. Y. 403.) A different situation was presented in *People ex rel. Lee* v. *Waring* (1 App. Div. 594; affd., 149 N. Y. 621). There the question before the court was whether the power of the Commissioner to remove members of the uniformed force, which was first conferred by Laws of 1882, chapter 410 (organizing the department of street cleaning), and amended in 1892 (L. 1892, ch. 269), was to be restricted by the so-called Veterans' Act (L. 1888, ch. 119), as amended. The court found the power of the Commissioner was not so restricted, saying, " This Street Cleaning Act was a special act reorganizing the department. It related to a particular subject, and gave to the head of the department special power to enable him adequately to effect the purpose for which the act was passed. It was necessary to give the commissioners substantially full power of removal in the case of common laborers." (1 App. Div. at p. 596.)

In *Matter of Eisle* v. *Woodin* (*supra*) the general principle was followed that in case of removal in the absence of a contrary legislative intent, section 22 should be applied where an honorably-discharged veteran or a volunteer fireman is concerned.

In *Matter of Byrnes* v. *Windels* (*supra*) it was held that an Assistant Corporation Counsel was a " deputy," and that, therefore, section 22, by its own terms, did not apply.

The order appealed from should be reversed and the proceeding remitted to the Appellate Division to review the determination of the respondent as upon certiorari, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order reversed, etc.