In the Matter of ELECTROLUX CORPORATION, Appellant. FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.

Argued May 21, 1941; decided July 29, 1941.

*Charles E. Hughes, Jr., Harold L. Smith, William K. Dupre* and *Richard W. Hogue, Jr.,* for appellant. This proceeding properly arose under the Unemployment Insurance Law (Labor Law, art. 18; Cons. Laws, ch. 31). (*Matter of Mohawk Mills Assn.,* 260 App. Div. 433; *Matter of Scott,* 260 App. Div. 975; *Matter of International Vital Interests & Home Club Shops, Inc.,* 258 App. Div. 1026; *Matter of Andrews* v. *North Shore Country Club,* 258 App. Div. 1017; *Matter of Butler,* 258 App. Div. 1017; *Matter of Bronxville Nurseries, Inc.,* 258 App. Div. 1019; *Matter of Fidel Association of New York, Inc.,* 259 App. Div. 486; *Matter of Waterman Holding Corp.,* 260 App. Div. 971; *Matter of Seides,* 260 App. Div. 971; *Matter of Joachim,* 260 App. Div. 972; *Matter of NuBone Co.,* 260 App. Div. 973; *City*

*of New York* v. *N. Y. C. Ry. Co.*, 193 N. Y. 543; *Bullock* v. *Cooley*, 225 N. Y. 566; *Norwegian Nitrogen Products Co.* v. *United States*, 288 U. S. 294; *United States* v. *American Trucking Assn.*, 310 U. S. 534.) The Appellate Division should in any event have reviewed the decision of the Unemployment Insurance Appeal Board. (*Judson* v. *Gray*, 17 How. Pr. 289; *City of New York* v. *Matthews*, 213 N. Y. 563; *Proestler* v. *Kuhn*, 49 N. Y. 654; *Side* v. *Brenneman*, 7 App. Div. 273; *Bussing* v. *Whitaker*, 177 App. Div. 95; *People ex rel. Solomon* v. *Brotherhood of Painters*, 169 App. Div. 595; *Van Schaick* v. *Friedman*, 238 App. Div. 603; *Giovanniello* v. *Germeroth*, 243 App. Div. 624; *Croissant* v. *Doscher*, 244 App. Div. 736; *Tymon* v. *Tyrose Homes, Inc.*, 254 App. Div. 582; *Kyner* v. *Bolton*, 171 App. Div. 45; *Buckley* v. *Stansfield*, 155 App. Div. 735; 214 N. Y. 679; *Persky* v. *Bank of America*, 261 N. Y. 212.) The Court of Appeals has jurisdiction of this appeal. (*Brooklyn Children's Aid Society* v. *Industrial Board*, 136 Misc. Rep. 379; 231 App. Div. 845; 256 N. Y. 651; *Matter of Anderson* v. *Johnson Lighterage Co.*, 182 App. Div. 152; 224 N. Y. 539; 214 App. Div. 743; 241 N. Y. 523; *Matter of McKinnon* v. *Kinsman Transit Co.*, 265 N. Y. 560; *Russian Republic* v. *Cibrario*, 235 N. Y. 255; *Mount Vernon Company, Silversmiths, Inc.*, v. *Mount Vernon Metal Products Co.*, 236 N. Y. 648; *Rector* v. *Rector*, 134 App. Div. 452; *Sherman* v. *Beacon Constr. Co.*, 58 Hun, 143; *Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *O'Connor* v. *City of New York*, 191 N. Y. 238; *Booras* v. *Logan*, 266 Mass. 172.)

*Winslow M. Lovejoy* and *Charles K. Rice* for White & Case, *amici curiæ*. The proceeding properly arose under section 523 of the Labor Law. (*Matter of NuBone Co.*, 260 App. Div. 973; *Matter of Fidel Assn., Inc.*, 259 App. Div. 486; *Matter of Butler*, 258 App. Div. 1017; *Matter of Bronxville Nurseries, Inc.*, 258 App. Div. 1019; *Matter of Andrews* v. *North Shore Country Club*, 258 App. Div. 1017; *Matter of Seides*, 260 App. Div. 971; *Matter of Joachim*, 260 App. Div. 972; *Matter of International Vital Interests &*

*Home Club Shops, Inc.*, 258 App. Div. 1026; *Matter of Waterman Holding Corp.*, 260 App. Div. 971; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Matter of Armitage* v. *Board of Education*, 122 Misc. Rep. 586; 210 App. Div. 812; 240 N. Y. 548.)

*John J. Bennett, Jr., Attorney-General (W. Gerard Ryan, Henry Epstein* and *Francis R. Curran* of counsel), for respondent. The appellant is not a "party aggrieved" and, accordingly, cannot appeal under section 588 of the Civil Practice Act. (*Dudley* v. *Perkins*, 235 N. Y. 448; *Lee* v. *Gander*, 271 N. Y. 568; *First Trust & Deposit Co.* v. *Syrdelco, Inc.*, 275 N. Y. 468.) The order of the Appellate Division is not one which finally determines the proceeding. (*Matter of Begent* v. *Noyes*, 284 N. Y. 229; *Matter of Newman Lake House, Inc.*, v. *Bruckman*, 258 App. Div. 765; 283 N. Y. 646.)

LEHMAN, Ch. J. Article 18 of the Labor Law (Cons. Laws, ch. 31; L. 1921, ch. 50), entitled Unemployment Insurance Fund (added L. 1935, ch. 468), imposes upon all employers subject to its provisions an obligation to pay "contributions" to the Fund, in "amount equal to three per centum of the payroll of employees, as herein defined." (§§ 515 and 516.) Electrolux Corporation is, it is not disputed, an employer subject to the provisions of the statute. It admits its obligation to pay wages to persons in its employ but it does not admit that a group of persons to whom, for convenience, we shall hereafter refer as "sales representatives," are in its employ and it has not furnished to the Industrial Commissioner any report of wages paid to them. Each of these persons sells goods manufactured by Electrolux Corporation under uniform contracts called "Sales Representative Agreement." Electrolux Corporation has sought a ruling that these persons are independent contractors, not employees, within the meaning of the statute, who are entitled to receive benefits out of the Fund and whose "wages" must be included in the base upon which the amount of the contributions required from the employers is computed.

The corporation brought proceedings to review an adverse determination of the Industrial Commissioner and of the Unemployment Appeal Board on that point. The Appellate Division, without considering the merits of the controversy, reversed the determination and dismissed the proceedings instituted by the Electrolux Corporation.

The respondent Industrial Commissioner has moved to dismiss the appeal taken to this court by the Electrolux Corporation from the order entered upon the decisions of the Appellate Division on the ground that the appellant is not aggrieved by the order of the Appellate Division which reversed the decision against it, and on the further ground that the order is not final. That motion must be denied. The appellant seeks an adjudication of a controversy in respect to the scope of its obligation to contribute to the Unemployment Insurance Fund. Though it is not aggrieved by the order of the Appellate Division in so far as the order reverses an adjudication against it, it is aggrieved by that order in so far as it decides that the officers or tribunals, authorized to administer the Fund, and the courts are without power to adjudicate the controversy in any proceeding heretofore brought and in so far as it dismisses, and thus finally determines, the special proceeding instituted by the appellant to obtain such an adjudication.

The article of the Labor Law which creates and defines the obligation of an employer to contribute to the Unemployment Insurance Fund provides, in section 523, subdivision 1:

" (a) If an employer fails to file a report for the purpose of determining the amount of his contribution due under this article, or if such report when filed is incorrect or insufficient and the employer fails to file a corrected or sufficient report within twenty days after the commissioner requires the same by written notice, the commissioner shall determine the amount of contribution due from such employer on the basis of such information as he may be able to obtain and he shall give written notice of such

determination to the employer. Such determination shall finally and irrevocably fix the amount of contribution unless the employer shall within twenty days after the mailing or personal delivery of notice of such determination apply to the commissioner for a hearing or unless the commissioner of his own motion shall reduce the same.

" In like manner any employer who claims to be aggrieved by any other rule or order of the commissioner under any provision of this article may apply to the commissioner for a hearing. * * *

" (b) Within twenty days after the mailing or personal delivery of notice of the decision after such a hearing, the employer may take an appeal to the appeal board by filing a notice of appeal with the commissioner. * * * "

The Commissioner has not exercised the power expressly conferred by that section to " determine the amount of contribution " due from an employer who has failed to file a report or has filed a report which is incorrect or insufficient. The Commissioner cannot determine whether Electrolux Corporation is bound to include in its report the compensation paid to its " sales representatives " unless the Commissioner obtains information concerning the relations of the sales representatives and the corporation and their contractual rights and obligations. Nor can the Commissioner determine the amount of the contribution due from Electrolux Corporation if its " sales representatives " are employees of that corporation, unless the Commissioner obtains information concerning the compensation or wages paid to each of such employees. The time and effort required would be wasted if an adjudication should be made thereafter that such sales representatives are independent contractors. To avoid such possible waste, the controversy in respect to the status of these persons was submitted to the Commissioner for decision before a determination of the amount of the contribution which would be due from their employer if the decision should be that the relationship of employer and employees exists.

The attorneys for the corporation sent to the Department of Labor letters stating their contentions, together with the contracts upon which these contentions were based. They received notice that the sales representatives " should be considered employees of the Electrolux Corporation rather than independent persons." The notice concluded with the words " if your client claims to be aggrieved by this determination it may apply to the Industrial Commission for a hearing within twenty days pursuant to Section 523 of the New York State Unemployment Insurance Law." Acting upon this advice, the Electrolux applied for a hearing, which was thereafter held. It appealed to the Appeal Board from the adverse decision of the Commissioner rendered after that hearing and, unsuccessful before the Appeal Board, it began this proceeding for a judicial review of the decision of the Commissioner. Only then did the Industrial Commissioner urge that the statute did not authorize her to decide that the sales representatives are employees except in connection with a determination made in accordance with section 523, subdivision 1, fixing the amount of the contribution due from the employer.

Though we agree that the statute does not, in express terms or by implication, confer upon the Commissioner power to make advisory or declaratory decisions defining obligations arising under the statute, the statute does not attempt to provide a rigid procedure for the administration of the Unemployment Insurance Fund. It leaves room for the exercise of discretion by the Commissioner charged with responsibility for its administration and in the exercise of that discretion the Commissioner may make rules and orders which are immediately effective as part of a reasonable procedure for the performance of duties imposed by law.

The duty of the Commissioner to determine the amount of the contribution which all " employers " must pay is imperative under the express terms of the statute, but before the Commissioner can fix that amount, there must

be decision of any controversy in respect to who is an employer and who is an employee. The statute is silent as to how or when such a decision shall be rendered. Certainly it might be very inconvenient if a contention that a person is not an employer from whom contribution to the Fund is due could be considered and determined only as part of an order fixing the amount of the contribution due from him because he is an employer. In the same subdivision of section 523 in which the duty to determine the amount of the contribution due from an employer is imposed upon the Commissioner, the statute provides for an appeal from " any other rule or order of the commissioner under any provision of this article." By clear implication the statute confers upon the Commissioner authority to make other rules or orders appropriate to the performance of the duties expressly imposed by any provision of the statute. A grant of power to an administrative officer may not be read into a statute by doubtful implication, but the statute here confers upon the Commissioner by necessary implication both power and duty to determine the persons who are employers and the persons who are employees within the meaning of the statute, in order that the amount of contributions due from an employer may be fixed, and the statute does not restrict the discretion of the Commissioner in respect to how or when a rule or order shall be made determining a controversy in that field.

Here the Commissioner has done just that. The decision rendered is not merely advisory. It constitutes the rule by which the amount of the obligation due from the employer must be measured. It is a determination that any report filed by the employer which fails to include the " wages " paid to sales representatives is incorrect. The Commissioner might, we assume, refuse to make such a rule or order except as part of the order fixing the amount due, but the power to make such a decision, as a matter of administrative convenience, upon the application of the employer before the amount due is fixed, in order to avoid possible waste of time and effort by both the Department

and the employer, has not been denied to the Commissioner by the statute.

The order of the Appellate Division should be reversed, with costs in this court, and the matter remitted to the Appellate Division to review the decision on the merits.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order reversed, etc.