Fuld, J. (dissenting in part).
It seems to me that the defendants have confused the two questions which this case poses — where ‘ ‘ the cause of action arose ’ ’ within the sense of section 225 of the General Corporation Law and what law is to be applied. These are two separate and distinct matters. The statute has nothing to do with the choice of law question, the question as to whether the law of the forum or the law of the foreign jurisdiction is to be applied. The purpose of section 225 is to limit cases to be tried in New York to those which have some reasonable connection with this State and, accordingly, we need not be concerned with technical definitions of the term “cause of action We must simply determine, in deciding whether the Supreme Court has jurisdiction, whether it is reasonable to close the doors of our courthouse to a plaintiff asserting the sort of claim here involved, based as it is upon an undertaking or direction by a Cuban bank, with funds on deposit in New York, that its customer be paid out of such funds in New York.
In my view, New York had sufficient nexus with the transaction to give the Supreme Court jurisdiction to entertain the present litigation. And, as bearing on this, I would point out that of the cases cited below — Hibernia Nat. Bank v. Lacombe (84 N. Y. 367); Amsinck v. Rogers (189 N. Y. 252); Swift & Co. v. Bankers Trust Co. (280 N. Y. 135) —the Hibernia National Bank case is the only one which deals with the question before us, as to where the cause of action arose, while the two others deal solely with the question of choice of law. It is only after the court decides the question of jurisdiction, of where ‘ ‘ the cause of action arose ” (General Corporation Law, § 225), that it may go on to consider whether the law of Cuba or of New York applies in reaching a decision on the substantive issue presented.
I concur, therefore, in the view expressed in the Per Curiam that the Supreme Court had jurisdiction to try the present case, but I cannot agree with the majority’s conclusion that the judgment rendered at Special and Trial Term should be reinstated. Since the Appellate Division held that the courts of this State did not have jurisdiction to try the action, it did not reach or pass upon the other points raised in the trial court and in the Appellate Division by the defendants, points which depended for their resolution upon the determination of both questions of law *41 and issues of fact and discretion.[1] Under such circumstances, a regard for orderly appellate procedure requires this court to remit the case to the Appellate Division for consideration of those questions upon the merits. (See, e.g., People ex rel. Schick v. Marvin, 271 N. Y. 219; Matter of O’Kelly v. Hill, 283 N. Y. 78; Matter of Electrolux Corp., 286 N. Y. 390; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 661-662.) There is neither reason nor justification for bypassing the Appellate Division, particularly where, as here, issues of fact and discretion which have a direct bearing upon underlying questions of law are involved.
The judgment should be reversed and the case remitted to the Appellate Division for consideration of the issues on the merits.

. Among the questions which were raised in the Appellate Division by the defendants, as appellants, was (1) whether it was an abuse of discretion for the trial court to refuse to adjourn the trial when their only witnesses (who were to testify with respect to issues, posed by their affirmative defenses) were suddenly prevented from appearing at the trial; (2) whether the act of state doctrine precluded the court from entertaining jurisdiction; (3) whether the law of New York or of Cuba is applicable in determining the rights and obligations of the parties upon the instrument; and (4) whether the transaction underlying the cause sued upon was illegal under the law of Cuba on the ground that it violated Cuban currency regulations and other laws.